Stephen C. Ruehmann, Esq. (167533)
*steve@ruehmannlawfirm.com*
Robin D. Shofner, Esq. (272552)
*robin@ruehmannlawfirm.com*
**RUEHMANN LAW FIRM, P.C.**
9580 Oak Avenue Parkway, Suite 15
Folsom, California 95630
Tel:      (916) 988-8001
Fax:      (916) 988-8002


Attorneys for Plaintiffs
THOMAS A. WEBER and
BELINDA G. WEBER


## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION


| | |
|---|---|
| THOMAS A. WEBER and BELINDA G. WEBER,<br><br>                Plaintiffs,<br><br>        v.<br><br>PNC BANK, N.A.; HSBC BANK, U.S.A., N.A.; and DOES 1 to 100, inclusive,<br><br>                Defendants.<br>_____ | Case No.: 2:13-cv-00298-TLN-CKD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:          July 25, 2013<br>Time:          2:00 PM<br>Ctrm.:          2<br>Hon.:          Judge Troy L. Nunley<br><br>Complaint Filed:          January 14, 2013<br>Removed:          February 15, 2103<br>FAC Filed:          April 17, 2013 |

## I.      INTRODUCTION

    Plaintiffs THOMAS A. WEBER and BELINDA G. WEBER (collectively "Plaintiffs")

hereby submit this Reply in response to Defendants PNC BANK, N.A. ("PNC") and HSBC

BANK U.S.A., N.A., as Trustee for Luminent Mortgage Trust 2007-2 ("HSBC")[1] (collectively

"Defendants") Opposition to Plaintiffs' Application for Preliminary Injunction.  Plaintiffs submit

---

[1] Erroneously sued as HSBC BANK U.S.A., N.A..

this Reply on the ground that Plaintiffs are likely to prevail on the merits of the California Civil Code § 2923.5 claim.[2]  Defendants also request that this Court impose a bond in the event that the Court grants the Preliminary Injunction.  (Def.s' Oppo. 7:6-8:20.)  For the reasons explained below, the Court should grant Plaintiffs' Application for Preliminary Injunction and bond, if any, should be limited to the fair market rental value of the Subject Property.

## II.   ARGUMENT

**A.   Plaintiffs Are Likely To Prevail On The Merits Of The California Civil Code § 2923.5 Claim**

### 1.   Defendants Did Not Satisfy California Civil Code § 2923.5

Defendants allege that Plaintiffs are unlikely to prevail on the merits of the California Civil Code § 2923.5 claim because Defendants purportedly satisfied the requirements of the statute.  (Def.s' Supp. Oppo. 3:7-6:3.)  As support for their argument, Defendants allege that Plaintiff THOMAS A. WEBER *contacted* PNC multiple times in February and March, 2012 (*Id.* at 5:1-5:18), PNC sent Plaintiffs letters explaining their alternatives to foreclosure (*Id.* at 5:7-12), left one message for Plaintiffs on their answering machine (*Id.* at 5:19-24), and reviewed Plaintiffs for a modification (*Id.* at 5:25-26).  Although Defendants rely on the Declaration of Brian Arthur as support for these points, the Arthur Declaration does not contain any call logs to support these statements.  (*See generally*, Arthur Decl.)

California Civil Code § 2923.5(a)(2) requires a mortgagee, beneficiary or authorized agent *to contact a borrower in person or by telephone* to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure at least 30 days prior to filing an NOD. (emphasis added.)  An NOD that is filed without complying with Civil Code § 2923.5 is null and void.  See generally *Mabry v. Superior Court (Aurora)*, 185 Cal.App.4th 208 (2010).  The *Mabry* Court held that the term "assessment" must be something on the order of "why can't you make your payments?" and that the term "exploration" must consist of "telling the borrower the traditional ways that foreclosure can be avoided (i.e., deeds 'in lieu,' workouts, or short sales)."

---

[2] While there are multiple factors in making a determination as to whether or not a preliminary injunction should be issued, Defendants only challenge Plaintiffs' likelihood of prevailing on the merits of the California Civil Code § 2923.5 claim.  Plaintiffs will take Defendants' failure to address the other preliminary factors as a concession that Plaintiffs have satisfied those factors and so will not address them in this Reply.

*Mabry*, *supra*, 185 Cal.App.4th at 232.

As an initial matter, according to Federal Rules of Evidence Code Rule 802, hearsay evidence is inadmissible unless otherwise permitted pursuant to the Federal Rules of Evidence. "Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Defendants appear to rely on the hearsay statements within the Arthur Declaration, specifically those relating to calls by Plaintiffs and calls to Plaintiffs, on the grounds that such hearsay is exempted pursuant to the business records exception detailed in Federal Rules of Evidence Rule 803(6). Pursuant to Federal Rules of Evidence 803(6), the following hearsay evidence is admissible:

(6) A record of an act, event, condition, opinion, or diagnosis if:
  (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
  (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
  (C) making the record was a regular practice of that activity;
  (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
  (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

As the Arthur Declaration does not even include a record, the business records exception clearly does not apply and any reference to phone calls in the Arthur Declaration, which Arthur does not purport to have been involved in, amount to inadmissible hearsay.

Furthermore, even assuming the facts within the Arthur Declaration are both admissible and accurate, taking calls from Plaintiffs in which Plaintiffs inquired into alternatives to foreclosure, sending Plaintiffs a letter describing alternatives to foreclosure and reviewing Plaintiffs for a modification does not, according to the *Mabry* decision or the text of the statute, satisfy the personal contact requirements of California Civil Code § 2923.5(a)(2). *Mabry*, *supra*, 185 Cal.App.4th at 232. California Civil Code § 2923.5(a)(2) requires the lender to contact the borrower, not the other way around. Further, a letter is not personal or telephonic contact and

can therefore not satisfy the requirements of California Civil Code § 2923.5(a)(2).  Lastly, merely reviewing Plaintiffs for a loan modification did not inform Plaintiffs of their alternatives to foreclosure, such as deed-in-lieu or short sale, it only assesses their eligibility for one such alternative: modification.  For these reasons, Defendants did not satisfy the personal contact requirements of California Civil Code § 2923.5(a)(2).

California Civil Code § 2923.5(g) allows a mortgagee, beneficiary, or authorized agent to record an NOD absent personal contact only if they have tried with due diligence to contact the borrower.  In order to satisfy the due diligence requirements, the mortgagee, beneficiary or authorized agent must: 1) send the borrower a first class letter including the HUD-certified housing counseling agency toll-free telephone number; 2) make three separate attempts at telephone contact at different hours and on different days; 3) send the borrower a certified letter with return receipt requested; 4) provide a toll-free number for the borrower to contact a live representative of the mortgagee, beneficiary or authorized agent; and 5) post a prominent link on the homepage of its website to relevant foreclosure avoidance sources.  Cal. Civ. Code § 2923.5(g).

Defendants rely on the phone message that they left for Plaintiffs to allege that they also satisfied the due diligence requirements of California Civil Code § 2923.5(g).  However, California Civil Code § 2923.5(g) clearly states that where a mortgagee, beneficiary or authorized agent is unable to make actual contact with the borrower, they must not only leave one phone message but rather call the borrower three separate times at different house on and different days.  For this reason alone, the mere leaving of a message did not satisfy the due diligence requirements of California Civil Code § 2923.5(g).

For these reasons, Plaintiffs have pled sufficient facts to prevail on the merits of the California Civil Code § 2923.5 claim and the prayed for Preliminary Injunction should be granted.

### 2.  A Declaration of Compliance Absent Actual Compliance is Meaningless

Defendants rely on NOD Declaration as conclusive evidence that it satisfied the due diligence requirements of California Civil Code § 2923.5(g).  (Def.s' Oppo. 6:4-7:5.)  The NOD

Declaration states that "[t]he mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5."  (FAC, **Exhibit 6**.)

As indicted above, California Civil Code § 2923.5(g) allows a mortgagee, beneficiary, or authorized agent to record an NOD absent personal contact only if they have tried with due diligence to contact the borrower.  In order to satisfy the due diligence requirements, the mortgagee, beneficiary or authorized agent must: 1) send the borrower a first class letter including the HUD-certified housing counseling agency toll-free telephone number; 2) make three separate attempts at telephone contact at different hours and on different days; 3) send the borrower a certified letter with return receipt requested; 4) provide a toll-free number for the borrower to contact a live representative of the mortgagee, beneficiary or authorized agent; and 5) post a prominent link on the homepage of its website to relevant foreclosure avoidance sources.  (Cal. Civ. Code § 2923.5(g).)

WELLS' assertion that the NOD Declaration establishes that Plaintiffs' Claim for violation of California Civil Code § 2923.5 will fail is directly contradicted by the following language in the FAC:

> The NOD is invalid because PNC and HSBC failed to contact Plaintiffs, including through any of their agents, in person or by telephone to discuss their financial status and explore their alternatives to foreclosure, such as modification, deed-in-lieu and short sale, at least 30 days prior to recording the NOD as required by California Civil Code § 2923.5.  (FAC ¶ 19.)

> The declaration contained in the NOD states that "[t]he mortgage, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5." (*Ibid*.)  Plaintiffs allege that the declaration is false and fraudulent.  (*Id*. at ¶ 20.)

> Plaintiffs have maintained the same telephone number since the inception of the Subject Loan.  PNC and HSBC were well aware of these telephone numbers as evidenced by the fact that PNC was able to contact Plaintiffs on multiple

occasions for the purpose of collecting payments.  All of Plaintiffs' phones were equipped with automated answering machines and caller identification but Plaintiffs never received any messages from PNC or HSBC indicating that they had a desire to speak to Plaintiffs about their financial status and alternatives to foreclosure.  Plaintiffs also never received a certified letter from PNC or HSBC stating that they were trying to contact Plaintiffs.  As a result, the due diligence requirements of California Civil Code § 2923.5(g) were also not met prior to the recording of the NOD.  (*Id*. at ¶ 21.)

In relation to the due diligence exception found in California Civil Code § 2923.5(g), Plaintiffs have therefore alleged that Defendants failed to: 1) make three separate attempts at telephone contact at different hours and on different days (Cal. Civ. Code § 2923.5(g)(2)); and 2) send the borrower a certified letter with return receipt requested (Cal. Civ. Code § 2923.5(g)(3)).

Because the veracity of the statements within the NOD Declaration have been challenged by Plaintiffs, the NOD Declaration cannot be taken as true.  In short, a declaration of compliance with California Civil Code § 2923.5(g) absent actual compliance with California Civil Code § 2923.5(g) does not satisfy the statute.  Any alleged presumption of compliance created by the NOD Declaration has been easily overcome in this case.

For these reasons, Plaintiffs are likely to prevail on the merits of the California Civil Code § 2923.5 claim.

**B.**     **Bond, If Any, Should be Limited to the Fair Market Rental Value of the Subject Property**

Plaintiffs concede that the Court is permitted to require the issuance of a bond where a Preliminary Injunction is granted.  However, Plaintiffs argue, and logic supports, that this amount should be limited to the fair market rental value of the property.  Defendants retain a security interest in the Subject Property and will therefore be permitted to recoup the Subject Property if the Preliminary Injunction is ultimately dissolved.  The actual harm to Defendants in the unlikely event that a Preliminary Injunction is wrongly issued is the fair market rental value of the property.  This is so because if Defendants were permitted to foreclose, the most they could be assured of getting in the depressed real estate market is the fair market rental value of the Subject Property.

### III.     CONCLUSION

For the reasons stated above as well as those detailed in the moving papers, Plaintiffs have demonstrated that they are likely to prevail on the merits of the California Civil Code § 2923.5 claim and are therefore entitled to the prayed for Preliminary Injunction.  As such, Plaintiffs respectfully request that this Court Grant Plaintiffs' request for a Preliminary Injunction.  Plaintiffs also respectfully request that bond amount, if any, be limited to the fair market rental value of the Subject Property.


Dated: July 18, 2013                              **RUEHMANN LAW FIRM, P.C.**

                                                   _/s/ Stephen C. Ruehmann, Esq._____
                                                  Stephen C. Ruehmann, Esq.
                                                  Attorney for Plaintiffs
                                                  THOMAS A. WEBER and BELINDA G. WEBER