1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                                EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS A. WEBER AND BELINDA            No.  2:13-cv-00298-TLN-CKD
      WEBER,
12
                       Plaintiffs,
13                                            **ORDER**
               v.
14
      PNC BANK, N.A.; HSBC BANK, U.S.A.,
15    N.A.; and DOES 1 to 100 inclusive,

16                     Defendants.

17

18            This matter is before the Court on Defendants PNC Bank and HSBC Bank's

19    (hereinafter collectively referred to as "Defendants") Motion to Dismiss Plaintiffs Thomas Weber

20    and Belinda Weber's (hereinafter collectively referred to as "Plaintiffs") Second Amended

21    Complaint ("SAC") (ECF No. 48).[1]  Plaintiffs have filed an opposition (ECF No. 51) and

22    Defendants have filed a reply to Plaintiffs' opposition (ECF No. 53).  The Court has carefully

23    considered the arguments presented by both parties.  For the reasons set forth below, Defendants'

24    Motion to Dismiss Plaintiffs' Second Amended Complaint is GRANTED IN PART and DENIED

25    IN PART.[2]

26    _____

      [1]       This matter was scheduled for a hearing on August 14, 2014 and was submitted without oral argument on
27    August 11, 2014.  (Minute Order, ECF No. 57); *see also* E.D. Cal. L. R. 230(g).
      [2]       Defendants requested that the Court take judicial notice of the Certificate of Merger of National City
28    Mortgage Co. and National City Bank dated October 1, 2008; the Certificate of Merger of National City Corporation
      with and into The PNC Financial Services Group, Inc. dated December 30, 2008; the Notice of Default recorded

                                                    1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2007, Plaintiff Thomas A. Weber obtained a refinance loan from National City Mortgage, a division of National City Bank (hereinafter, "National"), memorialized by a promissory note and secured by a deed of trust (hereinafter, "DOT") to certain real property located at 8972 Bronson Drive, Granite Bay, California 95746 (hereinafter, "Subject Property") in the principal amount of $550,000.00 (hereinafter, "Subject Loan"). (*See* SAC, ECF No. 47 at ¶ 9, Exs. 1 and 2.) Shortly thereafter, Plaintiff Thomas A. Weber granted the Subject Property to himself and his wife Plaintiff Belinda G. Weber as community property with the right of survivorship. (*See* ECF No. 47 at ¶ 13, Ex. 3.) On December 30, 2008, PNC became the successor by merger to National City Bank which formerly did business as National City Mortgage. (*See* Certificate of Merger of National City Mortgage Co. and National City Bank dated October 1, 2008, ECF No. 48-2 at Ex. A; Certificate of Merger of National City Corporation with and into The PNC Financial Services Group, Inc. dated December 30, 2008, ECF No. 48-2 at Ex. B.)

Plaintiffs failed to make timely payments on the Subject Loan and as a result, on April 22, 2010, Cal-Western Reconveyance Corporation (hereinafter, "Cal-Western") executed a Notice of Default. (*See* Notice of Default recorded April 22, 2010, ECF No. 48-2 at Ex. C.) For unknown reasons, the Notice of Default was rescinded on June 29, 2010. (*See* Notice of Rescission recorded July 6, 2010, ECF No. 48-2 at Ex. D.)

On August 5, 2010, Plaintiffs entered into a loan modification agreement (the "Modification") with Defendant PNC Bank on their residence. (ECF No. 47 at ¶ 14.) The Modification states that "[a]ll rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments thereunder." (ECF No. 47 at ¶ 15.) On May 3, 2012, an Assignment of Deed of Trust was recorded in which the beneficial

April 22, 2010 in the Official Records of Placer County as Document Number 2010-0030194-00; and the Notice of Rescission recorded July 6, 2010 in the Official Records of Placer County as Document Number 2010-0050609-00. (ECF No. 29-2.) "Under Federal Rule of Evidence 201(b), a court may take judicial notice of matters of public record." *Reynolds v. Hedgpeth*, 472 F. App'x 595, 598 (9th Cir. 2012) (internal quotation marks omitted). The Court finds that because these documents are matters of public record that judicial notice is appropriate.

rights to the Subject Loan were purportedly transferred to Defendant HSBC.  (ECF No. 47 at ¶ 16; Ex. 5.)

Plaintiffs fell behind on their payments and HSBC instructed Cal-Western to record a Notice of Default against the Subject Property on May 3, 2012.  (ECF No. 47 at ¶ 18; Ex. 6.)  On August 15, 2012, HSBC caused Cal-Western to record a Notice of Trustee's Sale ("NOS") against the Subject Property.  (ECF No. 47 at ¶ 19; Ex. 7.)

In June 2013, Plaintiffs submitted a complete modification application to PNC.  (ECF No. 47 at ¶ 20.)  The modification application indicated and documented a material change in Plaintiffs' financial situation since they were last reviewed for a loan modification in August 2010.  (ECF No. 47 at ¶ 20.)  Specifically, the complete modification application indicated that Plaintiffs monthly income had changed to $13,460.69.  (ECF No. 47 at ¶ 20.)  On December 30, 2013, PNC sent Plaintiffs a letter stating that it was denying Plaintiffs' application.  (ECF No. 47 at ¶ 21.)   In the letter, PNC states that it used a monthly income figure of $2,814.14.  (ECF No. 47 at ¶ 21, Exs. 8 and 9.)

On February 4, 2014, Plaintiffs sent an appeal letter, including the required PNC Mortgage Loan Modification Denial Appeal Form, to PNC.  (ECF No. 47 at ¶ 24, Ex. 11.)  The letter indicated that PNC had failed to take into account nearly $10,000 of Plaintiffs' monthly income during the modification review process.  (ECF No. 47 at ¶ 24, Ex. 11.)

In response, on May 1, 2014, PNC sent Plaintiffs a letter stating that "[a]s of April 30, 2014, an independent appeal review determined that the information provided in [Plaintiffs'] complete Loss Mitigation Application was correctly evaluated for a loan modification according to PNC rules and [Plaintiffs'] investor-provided guidelines" (the "Appeal Denial Letter").  (ECF No. 47 at ¶ 25, Ex. 12.)  Plaintiff alleges that they have made multiple efforts to obtain additional information from PNC as to the reason that the denial was upheld and that PNC has not provided any further clarification as to why it was appropriate to ignore Plaintiffs' actual monthly income.  (ECF No. 47 at ¶ 25.)

Plaintiffs' SAC was filed on June 18, 2014.  (ECF No. 47.)  It contains the following causes of action: (1) Violation of California Civil Code §§ 2923.4 and 2923.6(b); (2)

1  Breach of Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; and (4)

2  Negligence.  (ECF No. 47.)  Defendants filed their Motion to Dismiss on July 7, 2014.  (ECF No.

3  48.)  Defendants contend that Plaintiffs cannot maintain any of their four causes of action and

4  request that this Court dismiss Plaintiffs' SAC with prejudice.

5  ## II.  <u>**STANDARDS OF LAW**</u>

6  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and

7  plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*,

8  556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give

9  the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl.*

10  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified

11  notice pleading standard relies on liberal discovery rules and summary judgment motions to

12  define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema*

13  *N.A.*, 534 U.S. 506, 512 (2002).

14  On a motion to dismiss, the factual allegations of the complaint must be accepted

15  as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of

16  every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.

17  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not

18  allege "'specific facts' beyond those necessary to state his claim and the grounds showing

19  entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the

20  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

21  defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

22  544, 556 (2007)).

23  Nevertheless, a court "need not assume the truth of legal conclusions cast in the

24  form of factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th

25  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

26  an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

27  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

28  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

4

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to nudge his or her claims "across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570).  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

5

III.     **ANALYSIS**

Defendants have moved to dismiss all of Plaintiffs' following claims: (1) Violation of California Civil Code §§ 2923.4 and 2923.6(b); (2) Breach of Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; and (4) Negligence.  At the outset, the Court notes that the opposition filed by Plaintiffs only opposes dismissing Plaintiffs' First and Fourth Causes of Action.  (*See* ECF No. 51.)  Because the Court agrees with the arguments proffered by Defendants as to Plaintiffs' Second[3] and Third[4] Causes of Action and Plaintiffs have failed to provide any arguments in opposition, the Court GRANTS Defendants' motion to dismiss Plaintiffs' Second Cause of Action for Breach of Contract and Third Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing.  The Court addresses Plaintiffs' First and Fourth Causes of Action below.

A.     First Cause of Action: Violation of California Civil Code §§ 2923.4 and 2923.6(b)

Defendants contend that Plaintiffs' First Cause of Action fails because no private right of action exists under California Civil Code §§ 2923.4 and 2923.6(b).  (ECF No. 48 at 5.)  In opposition, Plaintiffs assert that the case law Defendants cite "runs counter to the very language of Section 2923.4, which guarantees borrowers a meaningful opportunity to obtain available loss mitigation options."  (ECF No. 51 at 7.)  Plaintiffs further contend that California Civil Code § 2924.12(d) specifically provides a private right of action for violations of Civil Code § 2923.6.  (ECF No. 51 at 7.)  California Civil Code § 2923.4 states:

---

[3]     Plaintiffs' Second Cause of Action for Breach of Contract fails to establish what contract Defendants have allegedly breached.  The SAC references California Civil Code sections 2923.4 and 2923.6 but neither of these statutes requires Defendants to modify Plaintiffs' loan.  *See Foronda v. Wells Fargo Home Mortgage, Inc.*, No. 14-CV-03513-LHK, 2014 WL 6706815, at *6 (N.D. Cal. Nov. 26, 2014).  Nor has Plaintiff alleged that Defendants have entered into some agreement to modify Plaintiffs' loan.  Because the existence of a contract is germane to a claim for breach of contract, Plaintiffs' Second Cause of Action for Breach of Contract fails to state a claim.  *See McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006).

[4]     Similarly to Plaintiffs' Second Cause of Action, Plaintiffs' Third Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing requires the existence of a contract.  *Schoolcraft v. Ross*, 81 Cal. App. 3d 75, 80 (1978) ("In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement. . . The implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose.")  Because Plaintiffs have not pled the existence of a contract, Plaintiffs' Third Cause of Action fails to state a claim.

(a) The purpose of the act that added this section is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure. Nothing in the act that added this section, however, shall be interpreted to require a particular result of that process.

(b) Nothing in this article obviates or supersedes the obligations of the signatories to the consent judgment entered in the case entitled *United States of America et al. v. Bank of America Corporation et al.*, filed in the United States District Court for the District of Columbia, case number 1:12-cv-00361 RMC.

Section 2923.4 merely defines the intent of the Homeowners' Bill of Rights ("HBOR"). Defendants have provided case law in support of their argument that section 2923.4 does not create a private right of action. *See Crane v. Fargo*, No. CV 13-01932 KAW, 2014 WL 1285177, at *3 (N.D. Cal. Mar. 24, 2014). The Court agrees that section 2923.4 alone cannot sustain Plaintiffs' cause of action. However, the same cannot be said of section 2923.6.

California's HBOR, which took effect January 1, 2013, reformed aspects of the state's nonjudicial foreclosure process by amending the California Civil Code to prohibit deceptive and abusive home foreclosure practices. *See Foronda v. Wells Fargo Home Mortgage, Inc.*, No. 14-CV-03513-LHK, 2014 WL 6706815, at *6 (N.D. Cal. Nov. 26, 2014); *Johnson v. PNC Mortgage*, No. C 14-02976 LB, 2014 WL 6629585, at *7 (N.D. Cal. Nov. 21, 2014); *Flores v. Nationstar Mortg. LLC*, No. CV 13–3898–PLA, 2014 WL 304766, at *3 (C.D. Cal. Jan. 6, 2014). Section 2923.12 provides a private right of action against loan servicers and trustees for their conduct during foreclosure, as well as during the loan-modification process, including violations of section 2923.6. *See Johnson*, 2014 WL 6629585, at *7 ("HBOR provides a private right of action against loan servicers and trustees for their conduct during foreclosure, as well as during the loan-modification process.").

Section 2923.6(c) states that "a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." "'Following the denial of a first lien loan modification application,' the HBOR requires the mortgage servicer to 'send a

7

written notice to the borrower identifying the reasons for denial.'" *Foronda*, 2014 WL 6706815, at *7 (quoting Cal. Civ. Code § 2923.6(f)).  The written notice must also conform to a series of requirements, including but not limited to "'the monthly gross income and property value used to calculate the net present value . . . [i]f the denial is the result of a net present value calculation.'" *Id.* (quoting Cal. Civ. Code § 2923.6(f)(1)–(6)).

Here, Plaintiffs contend that Defendants used inaccurate information concerning Plaintiffs' income in calculating whether or not they qualified for a mortgage modification.  (ECF No. 51 at 4, 6.)  Plaintiffs allege that they repeatedly contacted Defendants and apprized them of the discrepancy and that Defendants failed to make any alterations to their applications and further failed to provide Plaintiffs any reasoning as to why their present income was not considered.  (ECF No. 51 at 4.)  Although section 2923.6 does not require lenders to modify loans, it does require lenders to consider applications and provide an explanation as to the reasons for denial.  *See Foronda*, 2014 WL 6706815, at *7 (quoting Cal. Civ. Code § 2923.6(f)).  The conduct complained of by Plaintiffs is in direct contravention of HBOR.  Therefore, the Court finds that Plaintiffs have sufficiently plead this claim and Defendants' motion to dismiss Plaintiff's First Cause of Action is DENIED.

B.     Plaintiffs' Fourth Cause of Action: Negligence

Defendants argue that Plaintiffs' claim fails because Defendants do not owe Plaintiffs a duty of care.  (ECF No. 48-1 at 9.)  In opposition, Plaintiffs contend that Defendants are negligent per se because they violated both Civil Code sections 2923.4 and 2923.6 by failing to review Plaintiffs' modification application in good faith.  (ECF No. 51 at 9 (citing SAC (ECF No. 47) at ¶¶ 20–25).)  In reply, Defendants assert that California Civil Code sections 2923.4 and 2923.6 do not explicitly create any duties for mortgage servicers with respect to loan modifications and that "Plaintiffs' SAC negligence claim is not pled under a negligence per say [sic] theory, and as such, is improper."  (ECF No. 51 at 3.)

First, Defendants' assertion that Plaintiffs' claim is improper because it was not adequately pled as negligence per se is unfounded.  The doctrine of negligence per se does not establish tort liability, but instead, codifies the rule that a presumption of negligence arises from

1   the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a

2   member against the type of harm that the plaintiff suffered as a result of the violation.  *Quiroz v.*

3   *Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006).  Negligence per se is an evidentiary

4   doctrine codified at Evidence Code section 669.  *Id.*  Thus, the doctrine is not an independent

5   cause of action, but a vehicle for proving negligence.  *Id.*; *Sierra–Bay Fed. Land Bank Assn. v.*

6   *Superior Court*, 227 Cal. App. 3d 318, 333–334 (1991).  Defendants have not provided nor is this

7   Court aware of any precedent requiring Plaintiffs to present the evidentiary means by which they

8   plan on proving their case within their complaint.  As such, the Court declines Defendants'

9   invitation to find that this claim was improperly plead.

10          As to Defendants' assertion that Plaintiff cannot show a duty of care, Plaintiffs'

11   negligence per se argument discharges this requirement.  "Under the doctrine of negligence per

12   se, the plaintiff "borrows" statutes to prove duty of care and standard of care."  *Johnson v.*

13   *Honeywell Int'l Inc.*, 179 Cal. App. 4th 549, 558 (2009) (citing *Elsner v. Uveges*, 34 Cal. 4th 915,

14   927 (2004)).  Plaintiffs allege that Defendants violated both Civil Code sections 2923.4 and

15   2923.6 by failing to review Plaintiffs' modification application in good faith.  (ECF No. 47 at ¶¶

16   20–25.)  Plaintiffs further allege that Defendants' violations of these statutes caused Plaintiffs

17   harm in that Plaintiffs were denied a modification for which they would have qualified had

18   Defendants completed the modification review in good faith and as a result, they now face the

19   foreclosure of their home.  (ECF No. 47 at ¶ 34.)  As spelled out in Civil Code sections 2923.4

20   and 2923.6, as well as in the text of Assembly Bill No. 278, the very purpose of the HBOR and

21   the statutes contained therein is to prevent foreclosure and the resulting effects that foreclosure

22   has on California as a whole.  Finally, because the Subject Loan is a first lien and the Subject

23   Property is a owner-occupied residential real property containing less than four dwelling units,

24   Plaintiffs are members of the class of persons protected under Civil Code sections 2923.4 and

25   2923.6. (ECF No. 47 at ¶ 1.)  *See* Cal. Civ. Code §§ 2923.6(j), 2924.15(a).  Plaintiffs have

26   adequately pled facts supporting negligence liability.  Thus, Defendants' motion to dismiss

27   Plaintiffs' Fourth Cause of Action is DENIED.

28   ///

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 48) is **GRANTED IN PART** and **DENIED IN PART**.  The Court hereby orders as follows:

1.    Defendants' Motion to Dismiss Plaintiffs' First Cause of Action for Violation of California Civil Code sections 2923.4 and 2923.6(b) is **DENIED**;

2.    Defendants' Motion to Dismiss Plaintiffs' Second Cause of Action for Breach of Contract is **GRANTED**;

3.    Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing is **GRANTED**; and

4.    Defendants' Motion to Dismiss Plaintiffs' Fourth Cause of Action for Negligence is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 20, 2015

Troy L. Nunley
United States District Judge